FILED

2017 Mar-16  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM M. PICKARD, III,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:16-cv-00503-MHH** |
| | } | |
| **WELLS FARGO DEALER** | } | |
| **SERVICES, INC.; STEVEN WEIL,** | } | |
| **JR.; WEIL WRECKER SERVICE,** | } | |
| **INC.; ALLSTAR RECOVERY,** | } | |
| **LLC; ADESA, INC.; and KAR** | } | |
| **AUCTION SERVICES, INC.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff William M. Pickard, III has filed a motion for reconsideration of the Court's April 29, 2016 order striking certain claims from his amended complaint.  (Doc. 12).  The Court liberally construes Mr. Pickard's motion both as a motion for reconsideration and a motion for leave to file a second amended complaint.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (internal citation and quotation marks omitted).  For the reasons stated below, the Court grants in part and denies in part Mr. Pickard's motion.

## I.  BACKGROUND

In his amended complaint (Doc. 6), Mr. Pickard asserted claims under the Federal Trade Commission Act, 15 U.S.C. §§ 41–58; the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301–641; the Fair Credit Billing Act, 15 U.S.C. §§ 1666–66j; the Truth in Lending Act, 15 U.S.C. §§ 1601–67f; and the Uniform Commercial Code.  (Doc. 6, pp. 7–11).  On April 29, 2016, the Court entered an order striking from the amended complaint Mr. Pickard's claims under the Federal Trade Commission Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, and the Fair Credit Billing Act.  (Doc. 8, pp. 1–2).  The Court explained that the Dodd-Frank Act does not create a private cause of action.

In his motion for reconsideration and for leave to file a second amended complaint, Mr. Pickard states that he "erroneously cited the Fair Credit Billing Act as a statutory basis for his claims" and that the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in fact, "addresses the claims alleged by the facts in the [amended complaint]."  (Doc. 12, p. 1).  Mr. Pickard also contends that the Court erred in striking his claims under the Dodd-Frank Act and presents the Court with authorities to support his contention.  (Doc. 12, pp. 2–5).  Mr. Pickard asks the Court to reconsider its April 29, 2016 order striking his claims, to

"restor[e] his Dodd-Frank claims," and to "grant leave for him to assert claims . . . under the [FDCPA]."  (Doc. 12, p. 5).

## II.    DISCUSSION

### A.    Motion for leave to assert claims under the FDCPA

A plaintiff who wishes to file an amended complaint more than 21 days after the complaint was served on the defendant must obtain the written consent of opposing counsel or permission from the Court, and the Court must "freely give leave [to amend] when justice so requires."   *See* FED. R. CIV. P. 15(a)(2). Accordingly, the Court grants Mr. Pickard's motion for leave to file a second amended complaint to include claims under the FDCPA.

### B.    Motion for reconsideration of Dodd-Frank claims

 "[R]econsideration of an order is an extraordinary remedy and is employed sparingly."  *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).  "Indeed, as a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'"  *Id.* at 1268 (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)) (alteration provided by *Rueter*).  "A motion for reconsideration should not be used to present authorities

available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc. v. Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

In his motion for reconsideration, Mr. Pickard does not present the Court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Instead, Mr. Pickard merely presents authorities that were available when the Court entered its order striking Mr. Pickard's Dodd-Frank claims from the amended complaint. Accordingly, Mr. Pickard has not met his burden with respect to the "extraordinary remedy" of reconsideration, and the Court denies Mr. Pickard's motion. *See Rueter*, 440 F. Supp. 2d at 1267.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Mr. Pickard's motion for leave to file a second amended complaint to assert claims under the FDCPA. (Doc. 12). The Court **DENIES** Mr. Pickard's motion for reconsideration of the Court's April 29, 2016 order striking his Dodd-Frank claims from the amended complaint. (Doc. 12). Mr. Pickard's second amended complaint shall be limited to the addition of claims under the FDCPA.

**DONE** and **ORDERED** this March 15, 2017.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

4